## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN PERRY,

        Plaintiff,

    v.

ADIDAS AMERICA, INC.,

        Defendant.

Civil No. 2:23-cv-00959-CCW

Judge:    Christy Criswell Wiegand

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ADIDAS AMERICA, INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

INTRODUCTION ......................................................................................................... 1

BACKGROUND .......................................................................................................... 1

LEGAL STANDARD..................................................................................................... 3

ARGUMENT ............................................................................................................... 4

    I.       Plaintiff's UTPCPL claim must be dismissed because he has not identified
             the legal basis for that claim. ................................................................... 4

    II.      Plaintiff's UTPCPL and fraud claims must be dismissed because he has
             not pleaded sufficient facts to state a claim. .............................................. 5

        A.       Plaintiff's UTPCPL claim, to the extent it is discernable, sounds in fraud and
                   must be dismissed for failure to meet the pleading obligations of Rule 9(b). ........ 5

        B.       Plaintiff's fraud claim also fails because he has not alleged sufficient
                   information to meet his pleading obligations under Rule 9(b). ............................ 9

        C.       Plaintiff has not alleged facts that could support a claim that adidas'
                   alleged use of "authentic" is false or misleading................................................... 9

        D.       Plaintiff's has not pleaded scienter with particularity. ........................................ 10

        E.       Plaintiff has not adequately pleaded reliance. .................................................... 13

    III.     Plaintiff has not stated a claim for unjust enrichment. ........................................... 13

CONCLUSION............................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*adidas Am., Inc. v. Nat'l Collegiate Athletic Ass'n*,
  64 F. Supp. 2d 1097 (D. Kan. 1999) ...................................................................... 12

*Altes v. Bulletproof 360, Inc.*,
  No. 2:19-cv-04409-ODW (SKx), 2020 WL 1062878 (C.D. Cal. Mar. 5, 2020) ....................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................... 3, 4

*Bamburg v. Axis Onshore LP*,
  No. CIV.A 08-1466, 2009 WL 1579512 (W.D. La. June 4, 2009) ....................... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................... 3, 4

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006) ...................................................................... 10

*Biesterfeld v. Ariosa Diagnostics, Inc.*,
  No. 1:21-CV-03085, 2022 WL 972281 (N.D. Ill. Mar. 31, 2022) ....................... 7

*Bogie v. Rosenberg*,
  705 F.3d 603 (7th Cir. 2013) ...................................................................... 2

*Buck v. Hampton Tp. Sch. Dist.*,
  452 F.3d 256 (3d Cir. 2006) ...................................................................... 2

*Butakis v. NVR, Inc.*,
  No. CV 22-2971, 2023 WL 2795352 (E.D. Pa. Apr. 5, 2023) ....................... 6

*Chamberlain v. Unemployment Comp. Bd. of Review*,
  114 A.3d 385 (Pa. 2015) ...................................................................... 10

*Colaizzi v. Beck*,
  895 A.2d 36 (Pa. Super. Ct. 2006) ...................................................................... 10

*Coyle v. JSL Mech., Inc.*,
  No. 5:23-cv-02378, 2023 WL 5985273 (E.D. Pa. Sept. 14, 2023) ....................... 5

*Faistl v. Energy Plus Holdings, LLC*,
  No. 12-2879 (JLL), 2012 WL 3835815 (D.N.J. Sept. 4, 2012) ....................... 11

*Fleshman v. Wells Fargo Bank, N.A.*,
  27 F. Supp. 3d 1127 (D. Or. 2014) ............................................................ 5

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .................................................................. 4, 6

*Hawkins v. Coca-Cola Co.*,
  No. 21-CV-8788 (KMK), 2023 WL 1821944 (S.D.N.Y. Feb. 7, 2023) ................................. 11

*Hershey Foods Corp. v. Ralph Chapek, Inc.*,
  828 F.2d 989 (3d Cir. 1987) .................................................................. 13

*Hope v. Fair Acres Geriatric Ctr.*,
  174 F. Supp. 3d 880 (E.D. Pa. 2016) ......................................................... 4

*Hughes v. Ester C Co.*,
  930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................... 12

*Hunt v. U.S. Tobacco Co.*,
  538 F.3d 217 (3d Cir. 2008) .................................................................. 13

*In re ATI Techs. Inc. Sec. Litig.*,
  No. 05-4414, 2007 WL 2301151 (E.D. Pa. Aug. 8, 2007) ....................................... 7

*In re Aurora Cannabis, Inc. Sec. Litig.*,
  No. 19-20588 (JMV) (JBC), 2021 WL 2821167 (D.N.J. July 6, 2021) ............................ 7

*Innovation Ventures, LLC v. N.V.E., Inc.*,
  747 F. Supp. 2d 853 (E.D. Mich. 2010) ....................................................... 5

*Inouye v. adidas Am.*,
  No. 8:22-cv-416-VMC-TGW, 2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) ............. 6, 8, 9, 10

*Kennedy v. Am. Airlines Inc.*,
  760 Fed. App'x 136 (3d Cir. 2019) ........................................................... 10

*Kirwin v. Sussman*,
  *Auto.*, 149 A.3d 333 (Pa. Super. Ct. 2016) .................................................. 13

*Lisowski v. Henry Thayer Co.*,
  501 F. Supp. 3d 316 (W.D. Pa. 2020) ......................................................... 14

*Mayhew v. Cherry Creek Mortg. Co., Inc.*,
  No. 09-cv-00219-PAB-CBS, 2010 WL 935674 (D. Colo. Mar. 10, 2010) ........................... 5

*McTernan v. City of York, Penn.*,
  577 F.3d 521 (3d Cir. 2009) .................................................................. 4

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*,
   290 F.3d 578 (3d Cir. 2002) ............................................................................... 9

*Pereira v. Azevedo*,
   No. CIV.A 12-907 (JLL), 2013 WL 1655988 (D.N.J. Apr. 17, 2013) ....................... 7

*Ranalli v. Etsy.com, LLC*,
   570 F. Supp. 3d 301 (W.D. Pa. 2021) ................................................................. 1

*RD Legal Funding, LLC v. Barry A. Cohen, P.A.*,
   No. CIV.A. 13-77 (JLL), 2013 WL 1338309 (D.N.J. Apr. 1, 2013) ......................... 5

*Rivers v. Bank of Amer. N.A.*,
   No. 3:15-CV-4002-G, 2016 WL 3563978 (N.D. Tex. June 3, 2016) ....................... 5

*Rosen v. Commc'n Servs. Grp., Inc.*,
   155 F. Supp. 2d 310 (E.D. Pa. 2001) ................................................................. 6

*Samuels v. Hendricks*,
   445 A.2d 1273 (Pa. Super. Ct. 1982) ................................................................ 13

*Smith v. adidas Am., Inc.*,
   No. 6:22-cv-788 (BKS/ML), 2023 WL 5672576 (N.D.N.Y. Sept. 1, 2023) ............ 8

*Steinberg v. CVS Caremark*,
   899 F. Supp. 2d 331 (E.D. Pa. 2012) ................................................................. 13

*Turk v. Rubbermaid Inc.*,
   No. 21-CV-270 (KMK), 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) .................... 11

*United States ex rel. Bookwalter v. UPMC*,
   946 F.3d 162 (3d Cir. 2019) ............................................................................... 6

*Webb v. Volvo Cars of N.A., LLC*, CIV.A,
   No. 13-2394, 2018 WL 1470470 (E.D. Pa. Mar. 26, 2018) ............................. 6, 13

*Whitaker v. Herr Foods, Inc.*,
   198 F. Supp. 3d 476 (E.D. Pa. 2016) ................................................................. 14

## Rules

Fed. R. Civ. P. 8 ................................................................................................. 3, 5

Fed. R. Civ. P. 9 ................................................................................. 4, 5, 6, 8, 9, 10

Fed. R. Civ. P. 12 ............................................................................................... 3, 4

**Other**

*Webster's Third New Int'l Dictionary* 146 (unabridged ed. 1993)........................................... 9, 10

## INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") seeks to assert a claim under Pennsylvania's consumer protection law, as well as claims for fraud and unjust enrichment.  The FAC abandons plaintiff's claims for negligent misrepresentation, breach of express and implied warranties, and injunctive relief.  Plaintiff's amendments, however, cannot rescue his remaining claims, and the FAC should be dismissed for the reasons set out below.

## BACKGROUND

Plaintiff alleges that he purchased an adidas-manufactured Pittsburgh Penguins Authentic Jersey ("Penguins Jersey") at the PPG Arena's PensGear store at some unspecified time in the last two years.  (FAC ¶¶ 75, 80, ECF No. 19.)[1]  Plaintiff generally alleges that he "read, reviewed, relied on Defendant's representations that the jerseys were authentic and/or was exposed to its language on the hang tags and internet sites that he was buying the same jerseys worn by players." (*Id.* ¶ 83.)  Plaintiff does not, however, identify the specific sources of any "representations" that he viewed or even the general time frame in which he viewed them.  (*Id.*)

Plaintiff's FAC claims that statements purportedly from a screen capture of adidas' website and various statements by Dick Sporting Goods support his allegation that he was misled.  (*Id.* ¶¶ 13-16, 20.)  But plaintiff does not allege that he saw any of these statements or viewed either website before he purchased a jersey at PPG Arena's PensGear store.  (*See generally id.* ¶¶ 80-88.)  Although plaintiff does not actually allege that he saw them, the only alleged statements in the FAC that plaintiff could have potentially been exposed to in the context of purchasing a jersey at PPG Arena are (1) an alleged sales display at the PensGear store describing apparel offered for sale there as "Authentic Apparel," (*id.* ¶ 22); and (2) tags

---

[1] For purposes of this motion only, adidas accepts the complaint's allegations as true. *Ranalli v. Etsy.com, LLC*, 570 F. Supp. 3d 301, 304 (W.D. Pa. 2021).

associated with a jersey identifying it as part of the "Authentic NHL Jersey Collection" (*id.* ¶ 23).  But plaintiff does not allege any facts that suggest that the sales display, or anything like it, was present at the PensGear store at the time of his purchase.  Similarly, he does not allege any facts suggesting that the tags (i) were present when he purchased his jersey; (ii) that he saw them at that time; or (iii) are the tags associated with his jersey.

Although plaintiff does not identify any of the alleged statements that he reviewed—or any statements at all—about the jersey he purchased, he nevertheless alleges that he believed that his Penguins Jersey was identical in all respects to those worn on the ice by NHL players during games.  (*Id.* ¶¶ 82-83.)  According to plaintiff, adidas-manufactured retail jerseys generally differ from their on-ice counterparts in five ways:

    a.   The fight straps are of lesser quality and differently affixed to the jerseys (*id.* ¶¶ 29-30);

    b.   The retail jerseys have smaller dimples and are less efficient at dealing with moisture and airflow (*id.* ¶¶ 31-33);

    c.   The fabric is less thick (*id.* ¶ 34);

    d.   The stitching is "weaker and less durable" than that of the on-ice game jerseys (*id.* ¶ 35); and,

    e.   The retail jerseys are manufactured in Indonesia rather than Canada (*id.* ¶¶ 36-39).

Plaintiff also relies on Internet sources to support his allegations that adidas retail jerseys are different than the on-ice jerseys worn during NHL games.[2]  (*Id.* ¶¶ 44-60.)  At least two of those sources state that it was common knowledge that retail jerseys are not precisely the same as

---

[2] A court evaluating a motion to dismiss may consider any documents or matters incorporated by reference or integral to the claim.  *Buck v. Hampton Tp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Video evidence can be similarly incorporated by reference.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

the in-game jerseys and had not been identical since well before adidas became the official maker of NHL jerseys.  According to one source—an article discussing San Jose Sharks jerseys—the alleged differences between retail jerseys and "Pro Stock"—*i.e.*, the on-ice jerseys—have existed for more than a decade and predate adidas' time as manufacturer.  (*See* Declaration of Stanton R. Gallegos ("Decl.") Ex. 1 at 2.)  Another—a video by a YouTube presenter discussing his concerns about the "quality" of custom numbering on the jerseys at the San Jose Sharks Team Store—states: "I know obviously like game-worn and authentics [sic] are totally different, you know, in terms of sizing and stuff[.]"  (REZRECTION, DO NOT BUY ADIDAS NHL AUTHENTIC HOCKEY JERSEYS BEFORE WATCHING THIS VIDEO! WHAT YOU NEED TO KNOW!, YouTube (Dec. 4, 2021), https://www.youtube.com/watch?v=BttK_h0iw90 at 5:32 (last visited November 6, 2023) (hereinafter "Rezrection").)  The last source—an anonymous message board commenter— speculates that "those who don't follow this stuff . . . think they are getting what the players wear and they most definitely are not" because of adidas' use of the word "authentic."  (FAC ¶ 60.)

Based on these allegations, plaintiff asserts claims on behalf of putative classes for violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1 to 201-9.2, as well as for fraud and unjust enrichment.

## LEGAL STANDARD

A complaint must be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  To do so, plaintiff must allege facts showing a claim "is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  This requires sufficient factual allegations to raise a reasonable expectation that discovery will yield evidence supporting a plaintiff's claim. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007).  Thus, a plaintiff must plead facts that plausibly suggest wrongdoing, not facts that are merely consistent with wrongdoing.  *Id.* at 557.  Mere recitation of the elements of a claim is insufficient.  *Ashcroft*, 556 U.S. at 678.

A plaintiff alleging claims based on fraud or misrepresentation must also satisfy a heightened pleading standard.  Rule 9(b) requires a party "alleging fraud [to] state with particularity the circumstances constituting fraud."  Thus, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Rule 12(b)(6) requires a court to accept all well-pleaded allegations of material fact in the complaint as true, but a court may reject unsupported, conclusory factual allegations.  *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009).  A complaint offering bare assertions without the factual detail needed to raise a right to relief above the speculative level, will not satisfy a plaintiff's burden.  *Id.*

## ARGUMENT

**I.      Plaintiff's UTPCPL claim must be dismissed because he has not identified the legal basis for that claim.**

Plaintiff's UTPCPL claim should be dismissed because he has not identified which of the UTPCPL's 22 provisions adidas allegedly violated.  Plaintiff must identify which UTPCPL provisions were allegedly violated because "different provisions of the UTPCPL require that different elements be pleaded" and unless plaintiff identifies which provisions are at issue, "the Court is unable to fully assess the viability of Plaintiff's UTPCPL claim."  *Hope v. Fair Acres*

*Geriatric Ctr.*, 174 F. Supp. 3d 880, 893 (E.D. Pa. 2016).[3]   The federal rules require a plaintiff to

provide enough detail to ensure that a defendant and the court are not required to speculate about

which UTPCPL theories he is asserting.   *See RD Legal Funding, LLC v. Barry A. Cohen, P.A.*,

No. CIV.A. 13-77 (JLL), 2013 WL 1338309, at *3 (D.N.J. Apr. 1, 2013) ("neither the Court nor

Defendants should be required to guess which particular claims are being asserted").   Because

the FAC does not meet that pleading threshold, his UTPCPL claim should be dismissed.

## II.   Plaintiff's UTPCPL and fraud claims must be dismissed because he has not pleaded sufficient facts to state a claim.

### A.   Plaintiff's UTPCPL claim, to the extent it is discernable, sounds in fraud and must be dismissed for failure to meet the pleading obligations of Rule 9(b).

To the extent that plaintiff's UTPCPL claim can be discerned, it sounds in fraud and

should be dismissed because his allegations do not satisfy Rule 9(b).   *See Coyle v. JSL Mech.,*

*Inc.*, No. 5:23-cv-02378, 2023 WL 5985273, at *4 (E.D. Pa. Sept. 14, 2023) (a plaintiff's

UTPCPL claim sounds in fraud when it "stems from the same alleged misrepresentation as his

common law fraud claim"); (*see also* FAC ¶¶ 102, 105, 107 (fraud and UTPCPL claims based on

adidas' description of its jerseys as "authentic," which plaintiff "understood as being the same

jersey that NHL players wear during hockey games").)   Rule 9(b) obligates plaintiffs bringing

fraud claims to allege enough detail to "inject precision or some measure of substantiation into a

---

[3] Courts considering claims under statutes like the UTPCPL have similarly dismissed complaints that omit the statutory provision at issue for noncompliance with Rule 8(a).  *See, e.g.*, *Rivers v. Bank of Amer. N.A.*, No. 3:15-CV-4002-G, 2016 WL 3563978, at *11 (N.D. Tex. June 3, 2016), *report and recommendation adopted*, 2016 WL 3458166 (N.D. Tex. June 24, 2016) (Texas Deceptive Trade Practices Act claim dismissed where the plaintiff did not "identify the specific [statutory] provisions" that had allegedly been violated); *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1139-40 (D. Or. 2014) (Oregon Unlawful Trade Practices Act claim dismissed because the plaintiff made "no attempt to connect [the] allegations to a particular subsection of the statute"); *Innovation Ventures, LLC v. N.V.E., Inc.*, 747 F. Supp. 2d 853, 867 (E.D. Mich. 2010), *rev'd on other grounds*, 694 F.3d 723 (6th Cir. 2012) (dismissing a Michigan Consumer Protection Act claim that did not allege which provisions of the Act had been violated); *Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *12 (D. Colo. Mar. 10, 2010) (same for Federal Debt Collection Practices Act claim).

fraud allegation." *Frederico*, 507 F.3d at 200.  Phrased differently, a plaintiff must allege "the who, what, when, where, and how of the events at issue." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (internal quotation marks omitted).  Rule 9(b) applies to UTPCPL claims that sound in fraud.  *Butakis v. NVR, Inc.*, No. CV 22-2971, 2023 WL 2795352, at *7 (E.D. Pa. Apr. 5, 2023).

Plaintiff has not complied with Rule 9(b).  Although plaintiff points to a series of alleged statements or representations, he does not identify which, if any, of these materials he saw, where he saw them, or when he saw them, including whether he did so prior to purchasing his Penguins Jersey.  (FAC ¶¶ 20-23.)  Instead, he generically alleges that he read or reviewed material "and/or was exposed to its language on the hang tags and internet sites."  (*Id.* ¶ 83.)  The only time period alleged in the FAC is the date of his purchase, not the date when he saw the alleged representations.  Even if the Court were to assume that he saw the alleged misrepresentations during the two-year time period of his purchase, it would not help him because such a lengthy time period cannot satisfy Rule 9(b).  *See Rosen v. Commc'n Servs. Grp., Inc.*, 155 F. Supp. 2d 310, 319 (E.D. Pa. 2001) (an allegation that a misrepresentation was made "during in the summer of 1997" did not satisfy Rule 9(b)).  This failure to plead the who, what, when, and where of his claim requires dismissal for failure to satisfy Rule 9(b).  *See id.* at 319-20 (securities fraud claim dismissed for failure to plead "adequate allegations" of date and time); *see also Inouye v. adidas Am.*, No. 8:22-cv-416-VMC-TGW, 2023 WL 2351654, at *4 (M.D. Fla. Mar. 3, 2023) (dismissing a substantively identical claim for failure to plead details about when, if at all, the plaintiff saw any of the alleged representations); *Webb v. Volvo Cars of N.A., LLC*, CIV.A No. 13-2394, 2018 WL 1470470, at *6 (E.D. Pa. Mar. 26, 2018) (a fraud claim did not satisfy Rule 9(b) where the plaintiff could not point to any specific misleading representation that was seen, heard, and relied on to purchase the product at issue).

Plaintiff's recitation of various alleged representations—none of which are tied to his Penguins Jersey purchase by any factual allegations—cannot save these shortcomings. *First*, plaintiff's attempt to rely on alleged representations at adidas' website and the contents of a hang tag fail because plaintiff does not allege any facts that would establish that he saw either the website or the hang tag prior to his purchase. *See Biesterfeld v. Ariosa Diagnostics, Inc.*, No. 1:21-CV-03085, 2022 WL 972281, at *4 (N.D. Ill. Mar. 31, 2022) (dismissing consumer protection and fraud claims because the plaintiffs did not allege when the alleged misrepresentations were made to them); *Pereira v. Azevedo*, No. CIV.A 12-907 (JLL), 2013 WL 1655988, at *4 (D.N.J. Apr. 17, 2013) (fraud claim failed because there were no allegations about when the alleged misrepresentations were made).  He does not allege any facts suggesting that he viewed adidas' website at any time, much less before he purchased his jersey at PPG Arena.  Nor does he allege any similarity between the hang tag referenced in the FAC and any hang tags that may have been present when he purchased his Penguins Jersey.

*Second*, plaintiff's reliance on the signage at the PensGear store and representations at Dick's Sporting Goods' website is also misplaced because he has not alleged any facts suggesting that adidas adopted, or was responsible for, those statements.  *See In re ATI Techs. Inc. Sec. Litig.*, No. 05-4414, 2007 WL 2301151, at *8 (E.D. Pa. Aug. 8, 2007) ("a company cannot be held liable for a third party's statements unless it expressly adopts or endorses that statement").  The bare allegation that the PensGear store uses certain signage at adidas' "directive" is conclusory, (FAC ¶ 22), as it lacks any facts that could support such a "directive."  Because this bare allegation is conclusory it must be disregarded.  *See In re Aurora Cannabis, Inc. Sec. Litig.*, No. 19-20588 (JMV) (JBC), 2021 WL 2821167, at *13 n.5 (D.N.J. July 6, 2021) (refusing to consider third-party statements where there were no allegations that would allow an inference that the defendants had endorsed or adopted the statements).  And, again, there are no

allegations that plaintiff saw any signage at the PensGear store prior to his Penguins Jersey purchase.  Likewise, there are no allegations that plaintiff saw the statement at Dick's Sporting Goods' website prior to purchasing his jersey.

Other courts have recently dismissed similar complaints missing similar details demanded by Rule 9(b).  In *Inouye*, the plaintiff alleged that adidas deceptively marketed retail hockey jerseys as "authentic" although the jerseys differed from those worn on-ice by hockey players.  2023 WL 2351654, at *4.  However, he did not include any details about when or where he saw the allegedly deceptive marketing.  *Id.*  The court accordingly dismissed the plaintiff's misrepresentation claims because he had not alleged when he viewed the alleged misrepresentations, where he saw them, or whether he saw them prior to purchasing his jersey. *Id.* at *4, 10; *see also Altes v. Bulletproof 360, Inc.*, No. 2:19-cv-04409-ODW (SKx), 2020 WL 1062878, at *3 (C.D. Cal. Mar. 5, 2020) (explaining that, because the plaintiff did not claim to have seen the representations prior to her purchase, they could not have induced her purchase). Faced with a virtually similar complaint as that in *Inouye* and here, the Northern District of New York dismissed the plaintiff's fraud claim because, among other things, it did not "identify the date of any of the allegedly misleading advertising."[4]  *See Smith v. adidas Am., Inc.*, No. 6:22-cv-788 (BKS/ML), 2023 WL 5672576, at *10-11 (N.D.N.Y. Sept. 1, 2023).

The FAC—like the complaints in *Inouye* and *Smith*—does not satisfy the requirements of Rule 9(b).  Plaintiff's UTPCPL claim must be dismissed.

---

[4] The *Smith* court did not analyze the plaintiff's consumer protection claims under Rule 9(b), explaining that the Second Circuit has held that the rule does not apply to the specific claims the plaintiff alleged in that case.  *See Smith v. adidas Am., Inc.*, No. 6:22-cv-788 (BKS/ML), 2023 WL 5672576 at *4 n.5 (N.D.N.Y. Sept. 1, 2023) (discussing Second Circuit precedent).

**B.    Plaintiff's fraud claim also fails because he has not alleged sufficient information to meet his pleading obligations under Rule 9(b).**

Plaintiff's fraud claim should also be dismissed because he has not complied with Rule 9(b).  Plaintiff's fraud claim does not comply with Rule 9(b) for the same reasons that his UTPCPL claim does not comply with that rule:  plaintiff has not identified with particularity which adidas representations he saw, when he saw them, and whether he saw them prior to his purchase.  *See id.* (complaint dismissed where the plaintiff did not plead "with particularity when [the] Defendant's allegedly fraudulent statements were made"); *Inouye*, 2023 WL 2351654, at *4 (dismissing substantively identical claim for failure to plead details about when, if at all, the plaintiff saw any of the alleged representations).  Because plaintiff has not pleaded any facts that provide those details, his fraud claim does not satisfy Rule 9(b) and must be dismissed.

**C.    Plaintiff has not alleged facts that could support a claim that adidas' alleged use of "authentic" is false or misleading.**

To the extent plaintiff's statutory and common-law misrepresentation claims rely on the allegation that the Penguins Jersey he allegedly purchased is not authentic because it differs in certain minor respect from the on-ice version worn by NHL players during games, that claim fails because plaintiff has not alleged facts that could establish such a representation was false or misleading.  In determining whether a product name is misleading, the relevant question is whether a consumer "will unavoidably receive a false message from the product's name." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586-87 (3d Cir. 2002).  Plaintiff has not pleaded facts that meet this standard because the name authentic is not "unavoidably" false.

An officially licensed and manufactured product is, by definition, authentic, *i.e.*, not counterfeit.  *See Webster's Third New Int'l Dictionary* 146 (unabridged ed. 1993) (the adjective "authentic" means, among other things, "properly qualified : AUTHORIZED" and "not

imaginary or specious : REAL : GENUINE"); *id.* at 948 (the adjective "genuine" means among

other things "actually produced by or proceeding from the reputed or alleged source or author");

*id.* at 1890 (the adjective "real" means, among other things, "not artificial or counterfeit");

*Chamberlain v. Unemployment Comp. Bd. of Review*, 114 A.3d 385, 394 (Pa. 2015) ("It is well-

established that the common and approved meaning of a word may be ascertained from an

examination of its dictionary definition.").[5]  That an item is authorized, genuine, or not specious

does not connote that it is "the same as" another item.  Indeed, the FAC adopts a similar

definition, stating that "authentic market offerings" are "[p]roducts marketed legally and

manufactured by the firms owning the production rights of the brand using original ingredients,

genuine parts, and raw materials."  (FAC ¶ 46.)

Because plaintiff has not identified a false representation, his statutory and common-law

misrepresentation claims must be dismissed.

### D.     Plaintiff's has not pleaded scienter with particularity.

Plaintiff's fraud claim must also be dismissed because he has not adequately pleaded

scienter.  A defendant's knowledge that his statement is false is an essential element of common-

law fraud.  *See Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006) (describing elements of

fraud in Pennsylvania).  A plaintiff can plead scienter by alleging facts that establish a motive

and an opportunity to commit fraud or by alleging facts that constitute circumstantial evidence of

either reckless or conscious behavior.  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 216 (3d

Cir. 2006).  Rule 9(b) requires a plaintiff to allege particular facts that allow for a reasonable

inference of actual knowledge.  *See Kennedy v. Am. Airlines Inc.*, 760 Fed. App'x 136, 140 (3d

---

[5] At least one other plaintiff asserting identical claims, through the same attorney, has recognized this definition of "authentic."  *See* Class Action Complaint ¶ 6, *Inouye v. adidas Am., Inc.*, No. 8:22-cv-00416-VMC-TGW (M.D. Fla. Feb. 21, 2022), ECF No. 1 ("Authentic is defined as not false or copied, or genuine, as opposed to counterfeit.") (citing Dictionary.com).

Cir. 2019); *Faistl v. Energy Plus Holdings, LLC*, No. 12-2879 (JLL), 2012 WL 3835815, at *4 (D.N.J. Sept. 4, 2012) ("Plaintiff has failed to plead *any* facts that would allow this Court to draw the reasonable inference that any of the Defendants *knew* any representations they made, respectively, were in fact false.") (emphases in original).  Plaintiff has not done so.

Rather, plaintiff resorts to a series of conclusory allegations, most of which are routinely rejected by courts.  Plaintiff unadorned allegation about adidas' "history and involvement" in the athletic wear manufacturing industry does not help him.  (FAC ¶ 106.)  Without more, that conclusory allegation is insufficient to show scienter.  *See Bamburg v. Axis Onshore LP*, No. CIV.A 08-1466, 2009 WL 1579512, at *7, 8 (W.D. La. June 4, 2009) (the plaintiff could not rely on the defendant's experience in the industry to show that it "must have known" its representation was false).  Plaintiff's reference to unspecified "records [that adidas] was required to maintain" and adidas' alleged "inconspicuous" disclosure of information, (FAC ¶ 107), is similarly deficient.  *See Hawkins v. Coca-Cola Co.*, No. 21-CV-8788 (KMK), 2023 WL 1821944, at *10 (S.D.N.Y. Feb. 7, 2023) (rejecting an effort to plead scienter by pointing the defendant's "recordkeeping" obligations as "puzzling" and rejecting the allegation that the defendant had "fail[ed] to accurately identify" the product on its front label, with nothing more, as conclusory).  Plaintiff's allegations that adidas "knew of the issues . . . yet did not address them," and that adidas' "fraudulent intent is evinced by its knowledge that the [Penguins Jersey] was not consistent with its representations," (FAC ¶¶ 108-109), fare no better.  *See Hawkins*, 2023 WL 1821944 at *10 (rejecting identically phrased because "it is well-settled that a company's general profit motive is insufficient to plead scienter"); *Turk v. Rubbermaid Inc.*, No. 21-CV-270 (KMK), 2022 WL 836894, at *13 (S.D.N.Y. Mar. 21, 2022) (rejecting the plaintiff's argument it had adequately pleaded scienter by alleging that "the Products' abilities were not consistent with its representations").

Plaintiff's allegation that adidas has said "a replica uniform will not be 'authentic' and, therefore, not desirable to consumers unless it contains all the elements of the uniform worn in competition," (FAC ¶ 105), while more specific, is of no moment.[6]  Even assuming that adidas made such a statement, it does not provide any evidence of scienter for two reasons.  First, it says nothing of adidas' present knowledge about plaintiff's Penguins Jersey in particular or this line of products generally.  Rather, it says that—a quarter of a century ago—consumers expected replica collegiate uniforms to contain the same elements as college player-worn uniforms.  The fact that past consumers had that expectation for collegiate uniforms does not mean that today's consumers have the same expectation for NHL jerseys.  *Cf. Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 473 (E.D.N.Y. 2013) (fraudulent intent was sufficiently alleged where the complaint alleged the defendant "knew the representations were false" and identified a study that specifically evaluated the defendant's product and "principal representations").  Second, as the FAC tacitly admits, the retail jerseys do have "all of the elements of the uniform worn in competition."  (*See* FAC ¶¶ 24-27 (alleging that the jerseys include "features which would only be relevant in on-ice jerseys" such as "AEROREADY" fabric, "a mesh underarm insert," and a fight strap).)  Plaintiff takes issue with the place of manufacture, the weight, and the reinforcement of the material of the jerseys sold to consumers, not whether they replicate the "elements of the [NHL] uniform worn in competition."  (*See id.* ¶¶ 29-39.)

Because plaintiff has not pleaded facts establishing scienter his fraud claim must be dismissed.

---

[6] Plaintiff appears to be referencing a district court's statement in a 24-year old opinion concerning an antitrust dispute about the placement of the NCAA's logo on collegiate athletic uniforms.  *See adidas Am., Inc. v. Nat'l Collegiate Athletic Ass'n*, 64 F. Supp. 2d 1097, 1101 n.3 (D. Kan. 1999).

E.     **Plaintiff has not adequately pleaded reliance.**

Plaintiff has also failed to adequately plead reliance.  Justifiable reliance is an element of plaintiff's UTPCPL and fraud claims.  *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 222 & n.4 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (explaining that the UTPCPL requires a showing of justifiable reliance); *Kirwin v. Sussman Auto.*, 149 A.3d 333, 337 (Pa. Super. Ct. 2016) (justifiable reliance is an element of fraud in Pennsylvania).  A plaintiff cannot justifiably rely on representations that he was unaware of.  *See Steinberg v. CVS Caremark*, 899 F. Supp. 2d 331, 341 (E.D. Pa. 2012); *see also Webb*, 2018 WL 1470470, at *6 (UTPCPL and fraud claims dismissed because the plaintiff did "not at any time allege a single actual representation by [the defendant] that she justifiably relied on").  Here, plaintiff has not alleged any facts that show that he saw, read, or was aware of any representation by adidas prior to his purchase.

Therefore, plaintiff's UTPCPL and fraud claims must be dismissed.

III.   **Plaintiff has not stated a claim for unjust enrichment.**

The Court should dismiss plaintiff's unjust enrichment claim for two reasons.

*First*, plaintiff's claim should be dismissed because he has not alleged facts showing that he conferred a direct benefit on adidas.  The heart of an unjust enrichment claim is that "the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider."  *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987).  The benefit must be provided directly by the plaintiff; an indirect benefit conferred by a third party cannot support an unjust enrichment claim.  *Samuels v. Hendricks*, 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982). Because plaintiff admits that he did not purchase his Penguins Jersey from adidas, (*see* FAC ¶¶ 75, 80), he did not confer a direct benefit to adidas.  *See Samuels*, 445 A.2d at 1276 ("[T]he mere fact that [the defendant] may have indirectly benefitted from [the plaintiff's] performance is not

sufficient to impose upon her a duty to make restitution.").  Therefore, plaintiff's unjust enrichment claim fails.

*Second*, the unjust enrichment claim should also be dismissed because, as pleaded, it is a companion to plaintiff's tort claims and its success is dependent on the success of those claims. *See Lisowski v. Henry Thayer Co.*, 501 F. Supp. 3d 316, 339 (W.D. Pa. 2020).  Plaintiff alleges that adidas obtained benefits because his Penguins Jersey "was not as represented and expected." (FAC ¶ 110).  "Where the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise or fall with the underlying claim." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 493 (E.D. Pa. 2016).  Because plaintiff's tort claims cannot survive, neither can his unjust enrichment claim.

The unjust enrichment claim must be dismissed.

## CONCLUSION

adidas respectfully requests that the Court dismiss plaintiff's First Amended Complaint.

DATED: November 14, 2023.          MARKOWITZ HERBOLD PC


                                   *s/ Stanton R. Gallegos*
                                   _____
                                   Stanton R. Gallegos
                                   StantonGallegos@MarkowitzHerbold.com
                                   *Attorney for adidas America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Stanton R. Gallegos, an attorney, do hereby certify that on November 14, 2023, I electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ADIDAS AMERICA, INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, using the electronic case files system of the Court.  The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record, who, by rule, have consented to accept the Notice as service of this document by electronic means.

Dated: November 14, 2023.

*s/ Stanton R. Gallegos*
Stanton R. Gallegos

2057450.2