**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN PERRY, | Civil No. No. 2:23-cv-00959-CCW |
| Plaintiff, | |
| v. | Judge:   Christy Criswell Wiegand |
| ADIDAS AMERICA, INC., | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## INTRODUCTION

Defendant adidas America, Inc. ("adidas") submits this Memorandum of Law in Reply to Plaintiff's Opposition to adidas' Motion to Dismiss. The First Amended Complaint ("FAC") must be dismissed because plaintiff's arguments opposing dismissal of his claims lack merit.

## ARGUMENT

**I.     Plaintiff's belated assertion that he is bringing a claim under the UTPCPL's catchall provision does not save his claim.**

Plaintiff has not pleaded a claim under the Unlawful Trade Practices and Consumer Protection Law's ("UTPCPL") catchall provision's deceptive conduct prong.[1] The catchall prohibits "deceptive conduct which creates a likelihood of confusion or of misunderstanding." Pa. Cons. Stat. § 201-2(4)(xxi). Deceptive conduct is any act or practice that "has the capacity or tendency to deceive." *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 645 (Pa. 2021). When considering whether advertising is deceptive, courts consider it as a whole, in light of its intended audience. *United States v. Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037, 1054 (D. Del. 1978), *aff'd*, 662 F.2d 955 (3d Cir. 1981); *see also Lisowski v. Henry Thayer Co., Inc.*, 501 F. Supp. 3d 316, 333-34 (W.D. Pa. 2020)*, on recon. in part*, No. CV 19-1339, 2021 WL 1185924 (W.D. Pa. Mar. 30, 2021) (evaluating whether representations were deceptive by evaluating product label and website). In *Lisowski*, the plaintiff argued that variations of the adjective "natural" on product labels and a website were representations that a product was "100% natural" and that defendant deceived consumers by selling products made with artificial ingredients. 501 F. Supp. 3d at 324. After evaluating each statement in its context, the court

---

[1] The Court should reject plaintiff's belated effort to amend his pleading in his response brief particularly as adidas explained to plaintiff during conferral that he should specify the UTPCPL provision at issue and plaintiff opted to replead without doing so. *See Advanced Fluid Sys., Inc. v. Huber*, 28 F. Supp. 3d 306, 331 n.14 (M.D. Pa. 2014). Moreover, in the event that the Court does not grant adidas' motion to dismiss the First Amended Complaint, plaintiff should be precluded from relying on any other UTPCPL provision moving forward.

1

concluded that no reasonable consumer would understand them to mean that the products were "100% natural." *Id.* at 334-35.

That is the case here. The FAC primarily relies on a hang tag and content purportedly from adidas' website to support plaintiff's assertion that adidas represented that his jersey would be identical to those worn on-ice. However, plaintiff has not alleged any facts that could lead to an inference that he saw either of them, much less that he did so before purchasing his jersey. But even if he did, it would not help him because they are not deceptive. No reasonable consumer looking at those materials would conclude that they represented that the jerseys are identical to those worn on-ice. First, the hang tag. (*See* FAC ¶ 23, ECF No. 19.) One side of the hang tag contains a Universal Product Code ("UPC") sticker, which are "placed on products by the supplier and . . . used to track inventory." *See L'Oreal USA, Inc. v. Trend Beauty Corp.*, No. 11 Civ. 4187(RA), 2013 WL 4400532, at *4 (S.D.N.Y. Aug. 15, 2013). Because the sticker was affixed to the label by the seller—who was the PensGear Store, not adidas, (*see* FAC ¶ 75)— nothing on the sticker can be attributed to adidas. *See Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 343 (E.D. Pa. 2022) (dismissing claim where there were no facts showing that the manufacturer placed the sticker alleged to create the warranty on the product or controlled the website where the alleged promise was made). But even if it could, in context, a reasonable consumer would understand "MENS AUTH JSY" to identify the product for sale, not as a representation that it is "the same as worn on-ice." The other side of the hang tag contains the adidas and NHL logos, along with the phrase "Authentic NHL Jersey Collection." (FAC ¶ 23.) Reasonable consumers would understand this side of the label to be an affirmation that the product is a genuine adidas product, manufactured under the appropriate license and part of a collection similarly manufactured and licensed products, not a representation that the product is as worn on-ice. *See Lisowski*, 501 F. Supp. 3d at 330 (concluding that the defendant's use of the

2

phrase "THAYERS® Natural Remedies" was a promise to provide a Thayer's manufactured-product); *see also Muller v. Blue Diamond Growers*, No. 4:22-CV-707-RWS, 2023 WL 4579241, at *3 (E.D. Mo. July 18, 2023) (use of trade name "Smokehouse" was not a promise that almonds had been smoked in a smokehouse); *Boyd v. TTI Floorcare N. Amer.*, 230 F. Supp. 3d 1266, 1276 (N.D. Ala. 2011), *aff'd sub nom. Green v. Bissell Homecare Inc.*, 476 F. App'x 238 (11th Cir. 2012) (reasonable consumers would not understand "SteamVac® and PowerSteamer®" to clean using steam). The hang tag is not deceptive because a reasonable consumer would not understand its contents to promise them a jersey that was the same as worn "on ice."

The same is true for the purported adidas website. The image provided depicts a model wearing a Pittsburgh Penguins jersey next to text that reads "The Official Home Game Jersey of the Pittsburgh Penguins." (FAC ¶ 20.) Accompanying text states:

> Put your hands in the air on every goal that [the] Pittsburgh Penguins score. This adidas authentic home jersey features AEROREADY to keep you cool and dry as the Pens' snipers send you to your feet again and again. A mesh underarm insert adds extra breathability when the opposing team tries for a comeback.

(*Id.*) The depiction of a model in casual street clothing—without the specialized gear associated with hockey players—combined with text that evokes the excitement of attending and viewing a live hockey match conveys that the product is look-alike casual attire for fans while they enjoy Penguins' home games. Reasonable consumers would not understand it to be a representation that is the jersey is the "same as worn on-ice" at home games. Because plaintiff has not pleaded deceptive conduct, his UTPCPL claim—to the extent it is alleged under catchall—fails.

II.     **The FAC does not plead the facts needed to establish justifiable reliance.**

Despite his contention otherwise, plaintiff has not adequately pleaded justifiable reliance. Plaintiff suggests that he has met his pleading burden because he "provided pictures of what he saw in the 'Authentic Apparel' section" of the PensGear Store and that he did so within the last

3

two years.  (Pl.'s Memo. in Opp'n to Mot. to Dismiss the Am. Compl. ("Opp'n") at 15 (ECF No. 23).)  There are several problems with plaintiff's argument.  First, to the extent that plaintiff points to the "Authentic Apparel" sign, he has not alleged any facts that show that adidas was responsible for it.  Second, there are no facts that the sign or anything like it was there *at or before his purchase*.  Third, he does not allege any facts that allow an inference that he saw the contents of the hang tags *before his purchase*.  While plaintiff has pleaded facts that allow an inference that it is possible that he saw some representation prior to his purchase, he has not alleged facts that plausibly establish that he did so.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 688 (2009).  Because plaintiff has not plausibly pleaded justifiable reliance, his UTPCPL and fraud claims fail.

**III.    Plaintiff has not stated a claim for fraud.**

    **A.    Plaintiff's fraud claim fails because has not satisfied Rule 9(b).**

Plaintiff's suggestion that he has satisfied Rule 9(b) because he alleges that his purchase occurred at the PensGear Store at some point in the last two years should be rejected.  (*See* Opp'n at 9.)  This time period is too indefinite to satisfy Rule 9(b).  Courts in this circuit have long held that allegations that fraud occurred over far *shorter* timeframes do not comply with Rule 9(b).  *See, e.g.*, *Rosen v. Commc'n Servs. Grp., Inc.*, 155 F. Supp. 2d 310, 319 (E.D. Pa. 2001) (three-month period of alleged fraud too indefinite to satisfy Rule 9(b)); *Greater Valley Terminal Corp. v. Peltz St. Terminals, Inc.*, 21 F.R.D. 167, 168 (E.D. Pa. 1957) (granting motion for more definite statement where complaint alleged a seven-month concealed conspiracy).  Plaintiff's fraud claim should be dismissed because the FAC does not satisfy Rule 9(b).

    **B.    Plaintiff has not pleaded scienter.**

The fraud claim should be dismissed because plaintiff has not pleaded sufficient facts to establish scienter.  Plaintiff posits that he has met his burden because he alleged that adidas "understands the differences between authentic and replica jerseys" and that adidas includes so-

4

called "fight straps" on the jerseys to make them more appealing to consumers. (Opp'n at 12 (*quoting* FAC ¶¶ 24, 26-27, 108).) Not so. Plaintiff has merely alleged that adidas seeks to make a profit. Pleading that a company seeks to make a profit does not establish scienter. *See Fulton Fin. Advisors, Nat. Ass'n v. NatCity Invs., Inc.*, No. Civ.A. 09-4855, 2013 WL 5635977, at *10-11 (E.D. Pa. Oct. 15, 2013) (the defendant's desire to earn fees to protect its assets' value did not establish scienter); *see also Reyes v. Upfield US Inc.*, No. 22-CV-6722 (KMK), 2023 WL 6276685, at *11 (S.D.N.Y. Sept. 26, 2023) (the defendant's desire to increase profit by increasing sales did not establish scienter). The fraud claim should be dismissed.

### IV. Plaintiff should not be granted leave to file a second amended complaint.

Although federal courts liberally grant leave to amend, Fed. R. Civ. P. 15(a)(2), the Court should not do so here. Courts routinely deny leave to amend when a party has previously amended to correct a deficiency, but has been unable to do so. *McGuire v. Nw. Area Sch. Dist.*, Civ.A. No. 3:11-CV-1022, 2012 WL 1144652, at *3 (M.D. Pa. Apr. 5, 2012); *see Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (collecting cases). They also deny leave to amend where a plaintiff's request does not explain what additional facts could be alleged to cure the deficiencies. *Brown v. Agway Energy Servs., LLC*, 328 F. Supp. 3d 464, 478 (W.D. Pa. 2018), *aff'd*, 822 F. App'x. 100 (3d Cir. 2020). After conferring with adidas, plaintiff amended his complaint to remove several claims, but continued to omit basic facts needed for his claims, such as the alleged misrepresentations he saw and when he saw them. Moreover, he makes no attempt to explain what additional information he would provide to cure the FAC's defects or why he did not do so previously.

### CONCLUSION

adidas respectfully requests that the Court dismiss the First Amended Complaint and deny plaintiff's request for leave to file a second amended complaint.

DATED: December 12, 2023.    MARKOWITZ HERBOLD PC

*s/ Stanton R. Gallegos*
Stanton R. Gallegos
StantonGallegos@MarkowitzHerbold.com
*Attorney for adidas America, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Stanton R. Gallegos, an attorney, do hereby certify that on December 12, 2023, I electronically submitted the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** to the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record, who, by rule, have consented to accept the Notice as service of this document by electronic means.

      Dated: December 12, 2023.

                                                          *s/ Stanton R. Gallegos*
                                                          Stanton R. Gallegos

2073511.4